**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**PLANTERS COTTON OIL MILL, INC.**                                       **PLAINTIFF**

V.                               **5:08-CV-00180-WRW**

**ENGLISH BOILER & TUBE INC and**
**JOHN ENGLISH**                                                       **DEFENDANTS**

**ORDER**

Pending are Defendant John English's Motion to Dismiss (Doc. No. 6) and Plaintiff's Motion for Leave to Amend Complaint (Doc. No.17).

**1.**     **Motion to Amend**

Because it is unopposed, Plaintiff's Motion for Leave to Amend Complaint (Doc. No.17) is GRANTED. Accordingly, Plaintiff is directed to file the Amended Complaint, attached to the motion as Exhibit 1, by 5 p.m., Friday, August 29, 2008.

**2.**     **Motion to Dismiss**

Defendant John English's Motion to Dismiss (Doc. No. 6) is DENIED. Under Fed. R. Civ. P. 12(b)(6), "dismissal is appropriate only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations."[1] Therefore, in reviewing a Motion to Dismiss, I must assume all facts alleged by Plaintiff are true.[2]

Since there appears to be some factual dispute regarding the ability of John English to bind English Boiler and Tube to the terms set out in Exhibit C of Plaintiff's Complaint, dismissal is inappropriate at this point. As Plaintiff suggests, it seems to me that the possible liability of John English, individually, could be resolved if Defendants were to agree that all acts and

---

[1] *Reeve v. Oliver*, 41 F.3d 381, 382 (8th Cir. 1994).

[2] *Autio v. AFSCME*, 140 F.3d 802, 804 (8th Cir. 1998).

omissions by John English regarding the issues in this case were done as an agent of English Boiler.

IT IS SO ORDERED this 22nd day of August, 2008.

/s/ Wm. R. Wilson, Jr.  
UNITED STATES DISTRICT JUDGE